### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **SAN MIGUEL SHIPPING, LLC.** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **C.A. NO. 4:16-CV-870** |
| | § | |
| **BOA MARINE SERVICES, INC.** | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW San Miguel Shipping, LLC. ("SMS"), and files its Original Complaint against Boa Marine Services Inc. ("Boa"), and respectfully will show as follows:

### A. PARTIES

1.      Plaintiff SMS is a domestic limited liability company organized and existing under the laws of the State of Texas, with its principal office at 2006 Briarcrest, Houston, Texas 77077.

2.      Defendant Boa is a domestic for-profit corporation organized and existing under the laws of the State of Texas, is headquartered in Houston, Texas, and can be served through its registered agent Helge Roraas, or its president James Caldwell, at 800 Town& Country Boulevard, Suite 220, Houston, Texas 77024.  SMS requests issuance of a summons at this time.

### B. JURISDICTION AND VENUE

3.      This action involves a claim against Boa for nonpayment of SMS invoices issued in connection with a maritime contract, *i.e.,* a certain charter party agreement as more fully discussed below.   The claims presented herein are admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.   Accordingly, this Court has original jurisdiction of this admiralty and maritime claim pursuant to 28 U.S.C. § 1333.   The

Court further has supplemental jurisdiction under 28 U.S.C. § 1367 over SMS's claim against Defendant for attorney's fees, because that claim is so related to the claims within the Court's original admiralty jurisdiction that it forms part of the same case or controversy.  Specifically, this is a suit to recover upon unpaid invoices, breach of contract, and to recover attorney's fees as provided by Tex. Civ. Prac. & Rem. Code § 38.001, *et seq*.

4.      Venue is properly placed in the Southern District of Texas pursuant to 28 U.S.C. § 1391 (b) because Boa resides within this judicial district.

## C. <u>FACTS</u>

5.      On or about December 3, 2013, SMS and Boa entered into an International Ocean Towage Agreement (the "Charter Party") for the provision of the M/V ROLAND A. FALGOUT to tow the barge MARMAC 3018 from Tampico, Mexico to the Bay of Campeche and to tow the barge during certain offshore operations, *inter alia*.  In consideration for SMS's obligations and performances under the Charter Party, Boa was obligated to pay a daily rate of hire. It is SMS's practice to invoice its customers, including Boa, for the goods or services provided and to obtain its compensation through agreed fees.

6.      On or about May 13, 2014 the Charter Party was extended and the daily rate of hire adjusted.

7.      SMS provided certain services to Boa during the period of February 1, 2015 through March 24, 2015, among other times in accordance with the Charter Party.

8.      On or about March 2, 2015, SMS invoiced Boa for the daily hire rate owed under the Charter Party for the period of February 1, 2015 through February 28, 2015, under Invoice Number SMOC 173-47 ("the  March Invoice").  A true and correct copy of March Invoice is attached hereto as **Exhibit A**, and incorporated by reference.

9.      On or about April 1, 2015, SMS invoiced Boa for the daily hire rate owed under the Charter Party for the period of March 11, 2015 through March 24, 2015, under Invoice Number SMOC 173-50 ("the   April Invoice").   A true and correct copy of April Invoice is attached hereto as **Exhibit B**, and incorporated by reference.

10.      The principal amount due and owing under the Invoices is $483,600.00.   The Invoices provided that payment was due in full and payable upon receipt of the Invoices.   The Invoices also state that interest would accrue on any unpaid invoice at one and one half percent per month (eighteen percent per annum).

11.      Boa has not paid the charges and interest reflected on the Invoice, despite SMS's due demands.

### D.  BREACH OF CONTRACT

12.      SMS repeats and realleges each and every allegation contained in Paragraphs 1 through 11 of this Original Complaint as if set forth herein at length.

13.       SMS and BOA entered into the Charter Party for the provision of the aforementioned towage services performed by the M/V ROLAND A. FALGOUT. In consideration for SMS's provision of the tug and towage services, Boa was obligated to pay daily hire at a specified rate.

14.      Boa breached the terms and conditions of the contract by failing to pay the amount due and owing under the Invoices.

15.      Due to Boa's breach of contract, SMS has suffered damages in the amount of at least $483,600.00 together with interest, costs, disbursements, and reasonable attorney's fees.

### E.  **UNJUST ENRICHMENT**

16.     SMS repeats and realleges each and every allegation contained in Paragraphs 1 through 15 of this Original Complaint as if set forth herein at length.

17.     SMS provided goods and services to Boa based upon their promise to pay for the same.

18.     Boa received the benefit of the goods and services provided by SMS.

19.     Boa has not paid SMS for the goods and services provided.

20.     Accordingly, Boa has been unjustly enriched at the expense of SMS and should be required to pay SMS the reasonable value of the amount that Boa was unjustly enriched, together with interest, costs, disbursements, and reasonable and necessary attorney's fees.

### F.  **QUANTUM MERUIT**

21.     SMS repeats and realleges each and every allegation contained in Paragraphs 1 through 20 of this Original Complaint as if set forth herein at length.

22.     SMS provided valuable goods and services to Boa based upon its promise to pay for the same.

23.     Boa accepted and benefited from these goods and services provided to it by SMS.

24.     Boa knew that SMS expected to be paid for such goods and services.

25.     Nevertheless, Boa failed to pay and continues to refuse to pay SMS for the valuable services provided to and accepted by it.

26.     Accordingly, SMS has suffered damages and Boa should be required to pay SMS the reasonable value of the goods and services that it provided to Boa, together with interest, costs, disbursements, and reasonable and necessary attorney's fees.

## G. ATTORNEY'S FEES

27.     SMS repeats and realleges each and every allegation contained in Paragraphs 1 through 26 of this Original Complaint as if set forth herein at length.

28.     Due to Boa's failure to pay sums due and owing to SMS, and its breach of its contract with SMS, SMS is entitled to recover reasonable and necessary attorney's fees under Tex. Civ. Prac. & Rem. Code § 38.001, *et seq*.  SMS timely presented its claim at least 30 days before trial to Boa.  Boa did not tender the amount owed within thirty (30) days of the date of the claim presented.

## H. CONDITIONS PRECEDENT

29.     All conditions precedent to SMS's claims for relief have been performed or have occurred.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff San Miguel Shipping, LLC. prays that: process in due form of law according to the practices of this Honorable Court in causes of admiralty and maritime jurisdiction issue against Defendant Boa Marine Services, Inc.; that Defendant Boa Marine Services, Inc. be cited to appear and answer herein; that upon trial hereof it have judgment of the Court against the Defendant Boa Marine Services, Inc.in an amount of at least $483,600.00 together with prejudgment and post-judgment interest as provided by applicable laws, reasonable attorney's fees, all costs of court, and for such other and further relief, general and special, legal or equitable to that it has shown or may how itself justly entitled.

Respectfully submitted,

ROYSTON RAYZOR VICKERY & WILLIAMS, LLP


By: */s/ Richard A. Branca*
        Richard A. Branca
        Fed I.D. No. 828076
        Texas Bar No. 24067177
        Richard.Branca@roystonlaw.com
        Andrew R. Nash
        Fed. I.D. No. 1690806
        Texas Bar No.: 24083550
        Andrew.Nash@roystonlaw.com
        1600 Smith Street, Suite 5000
        Houston, Texas 77002
        Telephone: (713) 224-8380
        Facsimile: (713) 225-9945

**ATTORNEYS FOR PLAINTIFF**
**FEDERAL MARINE TERMINALS, INC.**

OF COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, LLP